Robert L. Greener, Esq.
LAW OFFICE OF ROBERT L. GREENER
112 Madison Avenue, 6th Floor,
New York, NY 10118
(646)415-8920 Phone
(212) 689-9680
rlg@greenerlegal.com
(RG8089)
Attorney for Plaintiff SREAM, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

SREAM, INC, a California corporation,

                                        **Plaintiff**

                v.

IVAPE NY, CORP.; SMOKE'N VAPE CORP.
a/k/a Smoke n' Vape; and HELL'S KITCHEN BREWTIQUE
a/k/a East West Grocery Inc.; and DOES 1-10
INCLUSIVE,

                                        **Defendants.**

_____

Civil Action No.

COMPLAINT FOR
TRADEMARK
COUNTERFEITING,
TRADEMARK INFRINGEMENT,
FALSE DESIGNATIONS OF
ORIGIN AND DILUTION AND
UNFAIR COMPETITION

Sream, Inc. ("Sream" or "Plaintiff"), by and through its attorneys of record, THE LAW

OFFICE OF ROBERT L. GREENER P.C. complaints against Defendants IVAPE NY, CORP.;

SMOKE'N VAPE CORP. and HELL'S KITCHEN BREWTIQUE; and DOES 1 through 10

("DOES") (collectively "Defendants"), alleging as follows:

### JURISDICTION AND VENUE

1.     This is a civil action against Defendants for counterfeiting, trademark

infringement, false designation of origin and unfair competition under the Lanham Act (15

1

U.S.C. § 1051 *et seq.*

2.      This court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. §§ 1051 et seq., 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademark) and 28 U.S.C. § 1338(b) (unfair competition), and pendant jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and/or the injury suffered by Plaintiff took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of New York.

4.      This Court has personal jurisdiction over Defendants.  Amongst other things, Defendants have engaged in direct, contributory, vicarious, and/or otherwise induced trademark infringement and counterfeiting in this judicial district.  Further, Defendants have engaged in continuous and systematic business in New York and, upon information and belief, derive substantial revenues from commercial activities in New York.  Specifically, Defendants have (1) designed, manufactured, sourced, imported, offered for sale, sold, distributed, and/or shipped infringing and counterfeit merchandise to persons within this State in the ordinary course of trade; (2) engaged in acts or omissions outside of this state causing injury within the State; and/or (3) has otherwise made or established contacts with this State sufficient to permit exercise of personal jurisdiction.

**PARTIES**

2

5.     Plaintiff Sream is a corporation incorporated and existing under the laws of California, with its principle place of business located at 12825 Temescal Canyon Road, Suite B, Corona, California 92883.  Sream does business as "RooR USA."

6.     DEFENDANT IVAPE NY, CORP. ("Def 1") is a Domestic New York Corporation with a principle place of business located at 36 St. Marks Place New York, NY 10003. Def 1 is a retail smoke shop.  On information and belief, and as described infra, Def 1 is engaged in the unlawful importation, manufacture, retail sale and/or wholesale sales of counterfeit RooR branded water pipes and related parts.

7.     Defendant SMOKE'N VAPE CORP. ("Def 2") is a domestic New York Corporation with a principal place of business located at 644 9th Avenue, New York, NY 10036. Def 2 is a retail smoke shop.  On information and belief, and as described infra, Def 2 is engaged in the unlawful importation, manufacture, retail sale and/or wholesale sales of counterfeit RooR branded water pipes and related parts.

8.     Defendant HELL'S KITCHEN BREWTIQUE("Def 3") is a domestic New York Corporation with a principal place of business located at 532 9th Avenue, New York, NY 10018. Def 3 is a retail smoke shop.  On information and belief, and as described infra, Def 3 is engaged in the unlawful importation, manufacture, retail sale and/or wholesale sales of counterfeit RooR branded water pipes and related parts.

9.     DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint

3

and insert the true names and capacities of said Defendants when the same have been ascertained.  Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated here as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.    The RooR Business and Trademark.

10.    Headquartered in Germany since 1995, Mr. Martin Birzle d/b/a RooR ("RooR") is an award-winning designer and manufacturer of smoker's products.  RooR products are widely recognized and highly acclaimed for its ornate and innovative products, including its borosilicate jointed-glass water pipes, parts, and accessories related thereto.  Indeed, it is one of the leading companies in the industry and has gained numerous awards and recognition for its innovative products and designs.

11.    For nearly two decades, RooR distinguished itself as the premiere manufacturer of glass water pipes because of the Company's unwavering use of quality materials and focus on scientific principles to facilitate a superior smoking experience.  RooR's painstaking attention to detail is evident in many facets of authentic RooR products.  It is precisely because of the unyielding quest for quality and unsurpassed innovation that RooR products have a significant following and appreciation amongst consumers in the United States.

12.    Since at least 2011, Plaintiff Sream has been the exclusive licensee of the RooR

4

Mark in the United States.  By the terms of the RooR-Sream agreement, Sream has manufactured water pipes under the RooR mark.  Sream also advertises, markets, and distributes water pipes, water pipe parts, and other smoker's articles in association with the RooR mark.  All of these activities are made with RooR's consent and approval, and in accordance with RooR's strict policies.

13.     RooR has spent substantial time, money and effort in developing consumer recognition and awareness of the RooR trademarks.  This recognition is also due, in part, to the collaborative efforts of Sream.  Through the extensive use of the mark, RooR and its exclusive licensee Sream, have built up and developed significant goodwill in the entire RooR product line.  A wide array of websites, magazines, and specialty shops include advertising of RooR's products which are immediately identifiable.  RooR (i.e., Mr. Martin Birzle) is the exclusive owner of federally registered and common law trademarks.  The following is a partial (non-exhaustive) list of RooR's trademarks:

> U.S. Trademark Registration Number 3,675,839 for the word mark "RooR" and its logo in association with goods further identified in registration in international class 034.
>
> U.S. Trademark Registration Number 2,307,176 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international classes 025 and 034.
>
> U.S. Trademark and Registration Number 2,235,638 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international class 021.
>
> Common law and unregistered state law rights in the following variants of the RooR marks:



(hereinafter collectively the "RooR Marks").

14.    The superiority of the RooR products is not only readily apparent to consumers, who yearn for RooR's higher quality glass in the marketplace, but to industry professionals as well.  RooR's unique style and functional superiority has earned the brand accolades in leading trade magazines and online publications.  Indeed, it's exactly because consumers recognize the quality and innovation associated with RooR branded products that consumers are willing to pay higher prices for them.  For example, a RooR-branded 45 cm water pipe retails for $300 or more, while a non-RooR product of equivalent size will usually sell for less than $100.

15.    It is exactly because of the higher sale value of RooR branded products that RooR products are targets of counterfeiters.  These unscrupulous entities tarnish the RooR brand by unlawfully affixing the RooR Marks to substantially inferior products, leading to significant illegitimate profits.  In essence, Defendants, and each of them, mislead consumers to pay premium prices for low grade products that free rides on the RooR brand, and in turn,

Defendants reap substantial ill-gotten profits.

16.     In order to protect the RooR Marks, Sream has been granted all enforcement rights to sue to obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

A.  Defendant's Unlawful Conduct:

17.     Beginning on a date that is currently unknown to Plaintiff and continuing to the present, Defendants have, without the consent of Plaintiff, offered to sell and sold within the United states (including within this judicial district) goods that were neither made by RooR nor by a manufacturer authorized by Plaintiff (such goods are hereafter referred to as "Counterfeit Goods" – examples of which are attached at exhibits A-C) using reproductions, counterfeits, copies and/or colorable imitations of one or more of the RooR Marks.  On information and belief, Plaintiff further alleges that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import said Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States.

18.     Thus, Plaintiff is informed and believes and, upon such, alleges that, in order to receive higher profit margins, Defendants have held themselves out – through the counterfeit products they carry -  to be sponsored by, affiliated with, and/or otherwise connected with RooR / Sream.  Specifically, Defendants have advertised, offered for sale, sold, distributed, displayed, and/or have affixed the RooR Marks to water pipes without consent, license, or approval.  In so doing, Defendants have sold fake RooR's out of Defendants' stores and/or distributed the same

with inferior materials and inferior technology.

19.    On January 9, 2015, in its ongoing investigation of counterfeit sales of the Plaintiff's products, Plaintiff's investigator purchased 1 "RooR" glass pipe from Defendant Def1 for a cost of $136.09, charged to the account of Plaintiff's investigator.  A true and correct copy of the counterfeit product purchased from Defendant Def1 as well as the purchase receipt is attached hereto as **Exhibit "A".**

20.    Upon receipt, images and physical units of products purchased from Defendant Def1 was inspected by Plaintiff to determine authenticity.  Plaintiff's inspection of the purchased item using security measures confirmed that the item Defendant Def1 sold to Plaintiff's investigator was in fact a counterfeit.

21.    On January 14, 2015, in its ongoing investigation of counterfeit sales of the Plaintiff's products, Plaintiff's investigator purchased a "RooR" glass pipe from Defendant Def2 for a cost of $22.00, charged to the account of Plaintiff's investigator.  A true and correct copy of the counterfeit product purchased from Defendant Def2 as well as the purchase receipt is attached hereto as **Exhibit "B".**

22.    Upon receipt, images and physical units of products purchased from Defendant Def2 was inspected by Plaintiff to determine authenticity.  Plaintiff's inspection of the purchased item using security measures confirmed that the item Defendant Def2 sold to Plaintiff's investigator was in fact a counterfeit.

23.    On January 14, 2015, in its ongoing investigation of counterfeit sales of the

Plaintiff's products, Plaintiff's investigator purchased a "RooR" glass pipe from Defendant Def3 for a cost of $20.00, charged to the account of Plaintiff's investigator.  A true and correct copy of the counterfeit product purchased from Defendant Def3 as well as the purchase receipt is attached hereto as **Exhibit "C"**.

24.    Upon receipt, images and physical units of products purchased from Defendant Def3 was inspected by Plaintiff to determine authenticity.  Plaintiff's inspection of the purchased item using security measures confirmed that the item Defendant Def3 sold to Plaintiff's investigator was in fact a counterfeit.

25.    Defendants have intentionally and knowingly directed payments for the counterfeit items to be made to themselves within this Judicial District.

26.    Through such business activities, Defendants purposely derived direct benefits from their interstate commerce activities by targeting foreseeable purchasers in the State of New York, and in doing so, have knowingly harmed Plaintiff.

27.    Defendants use images and names confusingly similar or identical to the RooR mark to confuse customers and aid in the promotion and sales of its unauthorized and counterfeit product.  Defendants' use of the RooR Marks include importing, advertising, displaying, distributing, selling and/or offering for sale unauthorized copies of RooR branded products.

28.    Defendants' use began long after RooR's adoption and use of its trademarks, and

after RooR obtained the trademark registrations alleged above.  Neither Plaintiff nor any authorized agents have consented to Defendants' use of the RooR Marks.

29.    Defendants' actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the Counterfeit RooR-branded products sold and distributed by Defendants.  By their wrongful conduct, Defendants have traded upon and diminished the goodwill of the RooR marks.  Furthermore, the sale and distribution of counterfeit goods by Defendants have infringed upon the above-identified federally registered trademarks.

30.    Defendants offering to sell, selling, importing and encouraging others to import counterfeit goods in this manner was and is likely to cause confusion or to cause mistake and/or deceive consumers who purchase the counterfeit goods.

31.    Defendants also offered to sell, sold, imported, and/or encouraged others to import for purpose of resale within the United States counterfeit goods consisting of reproductions and/or copies of products bearing the RooR Marks.  Defendants' use the RooR Marks were done without Plaintiff's authorization.

## FIRST CAUSE OF ACTION
### (Trademark Infringement, 15 U.S.C. §§ 1114 against all Defendants)

32.    Plaintiff incorporates here by reference the allegations in paragraphs 1 through 31 above.

33.    RooR (i.e., Mr. Martin Birzle) is the legal owner of the federally registered RooR

Marks as set forth in more detail in the foregoing paragraphs. Sream is the exclusive licensee of the RooR Marks in the United States, and has been granted all enforcement rights to obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

34.     The RooR Marks are valid, protectable and distinctive trademarks that RooR continuously used to promote its goods for almost two decades, of which Sream has participated in since at least 2011. Plaintiff is informed and believes and thereon alleges that a substantial segment of the relevant purchasing public recognizes the "RooR" mark as coming from and/or affiliated with RooR, and its exclusive U.S. licensee, Sream.

35.     Defendants, and each of them, have used marks confusingly similar to RooR's federally registered RooR Marks in violation of 15 U.S.C. § 1114. Specifically, and as described *supra*, and as shown in Exhibit A, Def1 has sold a counterfeit water pipe bearing one or more of the RooR Marks, and has passed off such counterfeits as authorized products from RooR /Sream. Likewise, and as described *supra*, and as shown in Exhibit B & C, both Def2 and Def3 have sold counterfeit water pipes bearing one or more of the RooR Marks, and has passed off such counterfeits as authorized products from RooR /Sream. However, neither Def1, nor Def2, nor Def3 was ever provided a license, permission, consent to sell counterfeit products by the rights holders to the RooR Marks and/or it exclusive licensee Sream.

36.     By such actions, each Defendant's use of confusingly similar imitations of the RooR Marks mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products are manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by RooR, or are associated or connected with RooR

11

and/or Sream.  Plaintiff is informed and believes and thereon alleges that each of the Defendants utilized the RooR Marks mark in order to create consumer confusion, and have in-fact created consumer confusion, including but not limited to initial interest confusion and confusion as to an affiliation or association between RooR and Plaintiff, on the one hand, and each of the Defendants on the other.

37.     At no time did any of the Defendants have the authorization, legal right, or consent to engage in such activities in disregard of RooR / Sream's rights in the RooR Marks.

38.     Each of the Defendants' actions complained of herein were intentional, willful, and malicious with a deliberate intent to trade on the goodwill associated with the federally registered RooR Marks.

39.     Plaintiff is informed and believes and thereon alleges that as a proximate result of the unfair advantage accruing to each of the Defendants' business from deceptively trading on RooR / Sream's advertising, sales, and consumer recognition, each of the Defendants have made substantial sales and profits by selling counterfeit water pipes bearing the RooR Marks, in amounts to be established according to proof.

40.     As a proximate result of the unfair advantage accruing to each of the Defendants' business from deceptively trading on RooR / Sream's advertising, sales, and consumer recognition, RooR / Sream have been damaged and deprived of substantial sales and has been deprived of the value of its trademark as a commercial asset, in amounts to be established according to proof.

41.    Plaintiff is informed and believes, and thereon alleges that, unless restrained by the Court, each of the Defendants will continue to infringe the RooR Marks, thus engendering a multiplicity of judicial proceedings, and that pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademark in the public perception.  Further, Plaintiff is informed and believes and thereon alleges that in the absence of injunctive relief, customers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of each of the Defendants and their goods.

42.    Plaintiff is informed and believes and thereon alleges that each of the Defendants' acts were committed, and continue to be committed, with actual notice of RooR / Sream's exclusive rights and with an intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with RooR / Sream and RooR products.  At a minimum, Plaintiff is entitled to injunctive relief and to recover each of the Defendants' profits, actual damages, enhanced profits, and damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1114 and 1116.  However, given the intentional acts here Plaintiff is entitled to recover three times its actual damages or three times Defendants' profits, whichever is greater, together with Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1117.  In addition, pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all infringing materials in each Defendant's possession.

## SECOND CAUSE OF ACTION
### (Trademark Counterfeiting, 15 U.S.C. §§ 1116)

43.    Plaintiff incorporates here by reference the allegations in paragraphs 1 through 42 above.

44.     Counterfeiting has been recognized as a serious issue resulting in tremendous losses to American businesses.  To combat counterfeits, Congress passed the "Anti-counterfeiting Consumer Protection Act of 1966" (ACPA).

45.     New York has a similar rule under General Obligations Law § 349.

46.     Defendants' actions also constitute the use by Defendants of one or more "counterfeit mark" as defined in 15 U.S.C. §1116(d)(1)(B).

47.     Each of the Defendants' unauthorized use of the RooR Marks on counterfeit products that they have distributed has caused and is causing consumer confusion about the source and sponsorship of these counterfeit goods.

48.     Each of the Defendants' sales of these counterfeit products has caused considerable damage to the goodwill of RooR / Sream and diminished the brand recognition of the RooR.

49.     The sales of these counterfeit products by Defendants have further resulted in lost profits to Sream and have resulted in a windfall for Defendants.

50.     Plaintiff reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

51.     Because of the willful nature of the counterfeiting, Plaintiff is entitled to an award

of statutory damages of up $2,000,000 per mark infringed under 15 U.S.C. §§ 1117(c)(2).

52.     In the alternative, and at a minimum, Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits, and treble damages, costs, and reasonable attorney's fees under 15 U.S.C. §§ 1117(b).

53.     The acts of direct and/or contributory counterfeiting committed by Defendants have caused, and will continue to cause, Plaintiff irreparable harm unless enjoined by this Court.

### THIRD CAUSE OF ACTION
### (False Designation of Origin/Unfair Competition, 15 U.S.C. § 1115(a))

54.     Plaintiff incorporates here by reference the allegations in paragraphs 1 through 53 above.

55.     Each of the Defendants caused to enter into interstate commerce water pipes that each of the Defendants marketed through use of marks that is confusingly similar to the unregistered variants of the RooR Marks.  Plaintiff is informed and believes and thereon alleges that unregistered variants of the RooR Marks have become associated in the minds of consumers with RooR / Sream and their respective RooR goods.

56.     The marketing and sale of Defendants' water pipes as described above constitutes false designation of origin which is likely to cause confusion and mistake and to deceive consumers as to the source or origin of such goods or sponsorship or approval of such goods by RooR / Sream.

57.     Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants' false designation of origin, each of the Defendants stand to make substantial sales and profits in amounts to be established according to proof.

58.     Plaintiff is informed and believes and thereon alleges that as a proximate result of Defendants' false designation of the origin of their goods and services, Plaintiff has been damaged and deprived of substantial sales of its goods and has been deprived of the value of its trade dress as commercial assets, in amounts to be established according to proof.

59.     Plaintiff is informed and believes and thereon alleges that unless restrained by this Court, each of the Defendants will continue to designate falsely the origin of their goods, causing irreparable damage to Plaintiff and engendering a multiplicity of lawsuits.  Pecuniary compensation will not afford Plaintiff adequate relief for its resulting damages.  Further, Plaintiff is informed and believes and thereon alleges that in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of Defendants' goods and services.

60.     Plaintiff is informed and believes and thereon alleges that each of the Defendants' acts were committed, and continue to be committed, with actual notice of RooR / Sream's exclusive rights and with intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with RooR / Sream and genuine RooR products.  Pursuant to 15 U.S.C. § 1117, Plaintiff is, therefore, entitled to recover three times its actual damages or three times each of the Defendants' profits, whichever is greater, together with Plaintiffs attorneys' fees.  In addition, pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to

an order requiring destruction of all infringing materials in Defendants' possession.

## FOURTH CASUE OF ACTION
## (NEW YORK TRADEMARK DILUTION (New York General Business Law § 360(1))

61.     Plaintiff repeats and realleges Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62.     Defendant's acts have caused damage to Plaintiff by tarnishing Plaintiff's valuable reputation and diluting or blurring the distinctiveness of Plaintiff's RooR / Sream Trademarks in violation of New York General Business Law § 360(1), and will continue to tarnish and destroy the value of Plaintiff's RooR / Sream Trademark unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## FIFTH CASUE OF ACTION
## (Unlawful Deceptive Acts and Practices (New York General   Business Law § 349))

63.     Plaintiff repeats and realleges Paragraphs 1 through 62 of this Complaint as if fully set forth herein. Upon information and belief, Defendant, without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the RooR / Sream Trademark, has manufactured, advertised, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with Plaintiff's Products.

64.     Defendant's use of actual copies or simulations of the RooR / Sream Trademark is likely to cause and is causing confusion, mistake and deception among the general purchasing

17

public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products being sold by Defendant originate from, are associated with, or are otherwise authorized by Plaintiff.

65.     Defendant's deceptive acts and practices involve public sales activities of a recurring nature.

66.     Plaintiff has no adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

<u>**SIXTH CAUSE OF ACTION**</u>
<u>**(Unfair Competition Under New York State Law)**</u>

67.     Plaintiff repeats and realleges Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68.     Plaintiff has built up valuable goodwill in the RooR / Sream Trademark.

69.     Defendant's use of the Plaintiff's marks infringe upon Plaintiff's RooR / Sream Trademark and is likely to and does permit Defendant to palm off the Infringing Products as those of Plaintiff, all to the detriment of Plaintiff and the unjust enrichment of Defendant.

18

70.     Upon information and belief, Defendant, with full knowledge of the fame of the RooR / Sream Trademark, intended to, and did, trade on the goodwill associated with the RooR / Sream Trademark and have misled and will continue to mislead the public into assuming a connection between Plaintiff and Defendant by Defendant's advertising, selling and/or distributing of the Infringing Products.

71.     Defendant's unauthorized use of marks that infringe upon Plaintiff s RooR / Sream Trademark has caused, and is likely to continue to cause, Plaintiff damage by tarnishing the valuable reputation and images associated with Plaintiff and its genuine goods.

72.     The acts of Defendant, which permit and accomplish confusion, mislead and deceive the public as to the source of the Infringing Products, permit and accomplish palming off of the Infringing Products as those of Plaintiff s and falsely suggest a connection with Plaintiff, constitute acts of unfair competition with Plaintiff in violation of the laws of the State of New York.

73.     Defendant's acts have caused and will continue to cause Plaintiff irreparable harm unless enjoined by this Court. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests the following relief as to each of the above causes of action:

1.     That Defendant, its officers, agents, servants, employees, attorneys,

confederates, and all persons acting for, with, by, through or under them be enjoined and restrained and thereafter, permanently enjoined:

a. from using in any manner the marks which infringe upon Plaintiff's RooR / Sream Trademark, as to be likely to cause confusion, deception, or mistake on or in connection with the manufacturing, advertising, distributing, offering for sale, or selling of any product not Plaintiff s, or not authorized by Plaintiff to be sold in connection with each of Plaintiff s products;

b. from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Plaintiff, not Plaintiff's, or not produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under the RooR / Sream Trademark;

c. from committing any acts calculated to cause purchasers to believe that the Infringing Products are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

d. from further diluting and infringing the RooR / Sream Trademarks, and damaging Plaintiff's goodwill;

e. from otherwise competing unfairly with Plaintiff in any manner;

20

2.     That Defendant be required to forthwith deliver up for destruction their entire inventory of the Infringing Products and any advertising or promotional materials bearing the RooR / Sream  Trademark or a confusingly similar copy thereof.

3.     That Defendant cause to be disabled any DRL on-line shopping or retail stores or sites that have or coating any products that are either Plaintiff's manufactured products or branded by Plaintiff as RooR / Sream.

4.     That Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendant has complied with paragraphs 1, 2, and 3 supra.

5.     That Defendant account for and pay over to Plaintiff profits realized by Defendant by reason of Defendant's unlawful acts herein alleged and, that the amount of damages for infringement of Plaintiff's RooR / Sream Trademarks be increased by a sum of treble damages under  15 U.S.C. §§ 1117(b); and /or up to $ 2,000,000 per Defendants under the ACPA not exceeding three times the amount thereof as provided by law.

6.     A Finding that That Defendant's Infringing Products infringe Plaintiff s RooR /

21

Sream Trademarks.

7.  That Plaintiff be awarded punitive damages.

8.  That Plaintiff be awarded be awarded costs and disbursements of this action, together with reasonable attorney fees under section 15 U.S.C. §§ 1117(b), and New York Law.

9.  That Plaintiff be awarded such other and further relief as the Court may deem equitable, including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act.

Dated:  June 18, 2015
        New York, New York

                            Respectfully submitted,
                            LAW OFFICE OF ROBERT L. GREENER


                            ROBERT L. GREENER ESQ(RG8089)
                            *Attorney for Plaintiff*
                            112 Madison Avenue, 6th Floor
                            New York, NY 10118
                            (646) 415-8920
                            (212)689-9680

22